**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4994**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ALONZO DALE JONES, JR.,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:10-cr-00035-WO-1)

———————

Submitted: June 24, 2013          Decided: July 2, 2013

———————

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael B. Driver, DRIVER LAW FIRM, PA, Durham, North Carolina, for Appellant. Clifton Thomas Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alonzo Dale Jones, Jr., pled guilty to distribution of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 1999 & Supp. 2013). The district court sentenced Jones to 102 months' imprisonment.[*] On appeal, Jones' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but questioning the substantive reasonableness of Jones' sentence. Although informed of his right to do so, Jones has not filed a pro se brief. We affirm.

We review Jones' sentence for reasonableness, applying a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). We begin by reviewing the sentence for significant procedural error, including improper calculation of the Guidelines range, failure to consider sentencing factors under 18 U.S.C. § 3553(a) (2006), sentencing

---

[*] Jones was initially sentenced to 124 months' imprisonment. On appeal, the parties filed a joint motion to remand this case in light of this court's decision in United States v. Simmons, 649 F.3d 237, 241-49 (4th Cir. 2011) (en banc) (holding that a North Carolina offense may not be classified as a felony based on the maximum aggravated sentence that could be imposed upon a repeat offender if the individual defendant was not eligible for such a sentence). By order entered on November 28, 2011, we granted the motion, vacated the sentence, and remanded the case for resentencing. See United States v. Jones, No. 11-4466 (4th Cir. 2011) (unpublished order). The 102-month sentence was imposed at resentencing.

based on clearly erroneous facts, or failure to adequately explain the sentence imposed. Id. at 51. Once we have determined that the sentence is free of significant procedural error, we must consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, we apply a presumption on appeal that the sentence is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only when the defendant demonstrates "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Here, our review of the record indicates no procedural error in the imposition of Jones' sentence. Further, the district court adequately explained the basis for Jones' within-Guidelines range sentence based on the goals of 18 U.S.C. § 3553(a), and we conclude that Jones has not rebutted the presumption of reasonableness.

In accordance with Anders, we have reviewed the entire record and find no other meritorious issues for appeal. We therefore affirm Jones' conviction and sentence. This court requires counsel to inform Jones, in writing, of his right to petition the Supreme Court of the United States for further

3

review.  If Jones requests that a petition be filed but counsel believes such a petition would be frivolous, counsel may move in this Court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Jones.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid in the decisional process.

AFFIRMED